447 A.2d 987

**Jay W. COLLINS and Lois S. Collins, his wife, Appellants,**

**v.**

**CEMENT EXPRESS, INC., and Harry E. Campbell.**

Superior Court of Pennsylvania.

Argued Feb. 17, 1981.

Filed July 2, 1982.

320

Richard C. Angino, Harrisburg, for appellants.

John B. Mancke, Harrisburg, for appellees.

Before PRICE, MONTEMURO and VAN der VOORT, JJ.

MONTEMURO, Judge:

This case is before the court on appeal from an Order denying appellant a new trial. The original trial resulted in a jury verdict of $7,134.00 for appellant. He asserts several trial errors as the reason for the inadequate verdict.

The action arose out of a traffic accident which occurred on May 6, 1971, when a truck operated by Harry Campbell and owned by Cement Express, Inc., struck the rear of the car driven by Jay Collins, appellant. At trial, the negligence of appellee was not seriously in doubt. Rather, the majority of the testimony focused on whether the automobile accident

was the cause of appellant's alleged damages.[1]  Appellee contended that appellant's medical conditions were the result of disorders which existed prior to the accident.

To adequately analyze the issues in this case, we feel it is necessary to give the medical and work background of appellant.

Jay Collins was born in 1923 in Harrisburg.  He enlisted in the Army Air Force in 1943, where he was a gunnery instructor and was eventually transferred to the Pacific Theatre of war.  He flew forty combat missions and recorded five hundred and twenty six hours of flight time.[2]  Following discharge from the service, he had several jobs until he eventually secured a job with the Harrisburg Boys Club in 1948 as Program Director and counselor for boys, a job which he held for some twenty-five years.

In 1952, Mr. Collins was hospitalized.  He was diagnosed as having hyperthyroidism.  One of Mr. Collins' complaints at that time was persisting anxiety.  In 1956, he was diagnosed as having diabetes.  In 1964, he was hospitalized for an episode of uncontrolled diabetes, and again at that time, anxiety was mentioned as a complaint.  His condition was relatively unchanged up to the time of the accident.

Appellant's position at trial was that the car accident in 1971 created a traumatic neurosis which subsequently manifested itself in severe organic abnormalities, none of which were consistent with previously diagnosed organic disorders.[3]  Appellant alleged that his earlier service in the Air Force made his predisposed to psychological problems, and the car accident was the triggering act which subsequently rendered him totally disabled.  The portrayal of appellant at trial was one of the classic "eggshell skull" victim.

1. The notes of testimony totaled 697 pages.

2. His flight time was far in excess of amount of time necessary to be certified a war casualty.

3. This included epileptic seizures and unusual episodes of monoparesis (paralysis involving one leg).

Appellee, on the other hand, contended that the organic difficulties which appellant was presently suffering from were the expected results of the physical deterioration of his pre-accident medical problems, specifically, the severe diabetes and hypoglycemia. Appellee contended that the previous medical conditions were the cause of appellant's permanent disability, not the car accident. Along this line, appellee sought to portray appellant as a malingerer. At trial, testimony was introduced concerning appellant's application for Social Security Disability Benefits in 1973. The doctor who completed the medical information for the application for appellant testified at trial as an expert for the appellant. At trial, he expressed his opinion that appellant's disability was a result of the car accident. However, the information which he supplied two years after the accident to the Social Security Administration which provided the basis for appellant's receipt of disability benefits made no mention of the car accident as the cause of appellant's disability. In the application, no mention was made of mental or emotional problems. The doctor recited the organic difficulties as the basis for disability, the position that appellee has maintained as being the true cause of appellant's disability.

Appellant contends that the introduction of this testimony regarding the appellant's application for and receipt of Social Security disability benefits was violative of the collateral source rule. The collateral source rule prohibits a defendant in a personal injury action from introducing evidence of the plaintiff's receipt of benefits from a collateral source for the same injuries which are alleged to have been caused by the defendant. *Boudwin v. Yellow Cab Co.,* 410 Pa. 31, 188 A.2d 259 (1963). However, we need not address this issue because, even though appellant vigorously argued against the introduction of this testimony pre-trial, he in fact first introduced the subject at the trial. Appellee, therefore, could properly probe into the subject matter in cross-examination.

Appellant next contends that the lower court erred in its charge to the jury on concurrent cause. He contends

that the lower court did not use the approved charge in *Menarde v. Philadelphia Transportation Co.*, 376 Pa. 497, 103 A.2d 681 (1954).

In *Albert v. Alter*, 252 Pa.Super. 203, 381 A.2d 459 (1977), the court, in reviewing the charges of the lower court, stated

... in all cases questioning the accuracy of the charge to the jury, we must not take the challenged words or passage out of context of the whole charge, but must look at the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party ... *Id.*, 252 Pa.Super. at 217, 381 A.2d at 466 (Citation Omitted).

The court in *Albert* went on to say that there is no requirement that the lower court use only certain words: "The important consideration is that the explanation given by the trial court on the issue of causation be given in clear and understandable language." *Id.*, 252 Pa.Super. at 218, 381 A.2d at 467.

As stated earlier in our opinion, it is apparent that the crucial issue in this case is the cause of the injury in relation to the damages alleged. Appellant had pre-existing disorders, yet did not become totally disabled until after the accident. There was evidence in the record that in addition to the organic problems, he also evidenced mental problems before the accident. These previous mental problems, according to the allegations of the appellant, rendered him extremely susceptible to severe injuries from any future trauma.

In his charge to the jury, the judge first outlined the contention of the parties in relation to the causation of the alleged injuries:

... Where the dispute here is that of what was the result of that accident, what was the legal cause of plaintiff's disability, his injuries. In that respect, members of the jury, the difference in their approach is that in their claim is that the plaintiff alleges he suffered from a functional illness, a functional disability which resulted in total and

permanent disability to him meaning he claims that then to exist for the remainder of his life and there will be reference to the matter of tables and how these are arrived at by the court later in the instructions. On the other hand, the defendants place their position or claim upon the fact as they wish you to find that it resulted solely from an organic defect which existed and which the accident had no connection with in any respect. The plaintiff's position actually is then that he had a predisposition to an anxiety, to the phobia and the matters that were related to him.

... Having had that predisposition that type accident ended with being the legal cause of his present disability which would include his organic problems that now exist. He is claiming the functional disease or disability which really is a mental matter as being the reason for the condition in which he finds himself today. The defendant on the other hand are saying that the conditions did exist, were not affected by the accident and therefore they are only liable to the extent of loss suffered from the accident. I will begin being that in the question of damages when I come to it but that's the position of the parties as the Court sees it.

The judge then charged on legal cause:

Now what is legal cause? The law says that the defendants negligent conduct which is admitted here must have been a substantial factor in bringing about the injury. A substantial factor is an actual, real factor although the result may be unusual or unexpected but it is not an imaginary or fanciful factor having no connection or only an insignificant connection with the accident. If the disability is related in that fashion to the accident there must be recovery of the losses which are attributable to that. If his condition would be unrelated to the accident then of course there would be only the matters which could be claimed as directly resulting or indirectly but related to that accident.

This instruction is the basic causation charge where there are no complicating factors such as concurring causes. The last statement in this portion of the charge evidently refers to the fact that appellees have admitted limited liability for damages resulting from the accident.

The judge then instructed on concurring causes:

Now, members of the jury, I told you we're faced with a determination of damages, determination of what may be recovered. By the way, members of the jury, I would tell you this also, there may be concurring causes and even though there be another cause and an additional causation if you determine that the cause is that which I have already defined or described for you as being the position of the one party that calls for the application of the rules on damages as I will give them to you. If it be as claimed by the other party you'll have another consideration to give as to the damages...

Following this instruction, the judge's only mention of other causes was a statement of appellant's theory of recovery. At the conclusion of the charge, the following discussion took place at side bar:

MR. ANGINO: The concurrent cause I'm going to request, Your Honor, to instruct on concurrent cause in keeping with point number 14, I think that's an important point and I don't think you covered it.

THE COURT: I think I'd have them more confused that's why I won't read that.

MR. ANGINO: You didn't tell them what concurrent causes are or anything.

THE COURT: I think I already did that. I already said to them defendant's negligent conduct must have been a substantial factor, I don't know that I should go further than that substantial factor. I read this, I believe, it's an actual, real fact or although the result may be unusual or unexpected but it is not an imaginary or fanciful factor having no connection or only insignificant connection with the accident. That's right out of the pattern of charges.

MR. ANGINO: But that's not the parttern charge for concurrent cause. Concurrent cause requires—

THE COURT: Concurrent cause. Wait a minute until I give you that. I said he need not be the sole cause, it may be a legal cause even though other causes existed. If it is a substantial factor in bringing about an injury.

MR. ANGINO: Your Honor, when you're dealing with an emotional problem like this where there's an innerinvolved organic problem the Supreme Court has deemed that— that's the type of charge to be given in this type of situation.

THE COURT: That's so. I think I included it in here. I will accept the matter of making sure that they understand that this has to be that if they find that his present condition results from the accident in that it was a substantial factor then they will have found that the plaintiff has established his case.

MR. MANCKE: I thought that's what you did say.

THE COURT: I thought I did but I'll make sure of it.

When the trial reconvened, the judge again addressed the jury:

THE COURT: Members of the jury, I've been asked to make clear certain matters and I wish to do so now. You can understand that there are times when the Court may have overlooked something but I want to be sure that I've covered it. The plaintiff's claim is not dependent upon a physical matter but he's claiming his loss based on functional, the neurosis to which he testified and that is the base upon which he proceeds and that he is claiming that that proceeds from the accident. The accident *according to him* being the substantive sole factor that led to the condition even though there may have been a predisposition to what occurred to him as a result of prior matters that occurred in his lifetime. (Emphasis supplied)

This attempted clarification merely restated appellant's contention as to his theory of liability. It did not instruct the jury on the legal effect of the previous disposition to neurosis or the effect of other contributing causes as to

damages. The instruction on legal cause which occurred early in the charge relates only to the negligent causation of the accident, not to the damages. In this case, there was no dispute as to the negligent conduct of appellee. The question in the case was whether that negligent conduct caused the injuries which appellant asserted. In such a situation, a specific charge as to concurring causes was necessary. See *Gradel v. Inouye*, 491 Pa. 534, 421 A.2d 674 (1980), *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978). See also Pennsylvania Supreme Court Committee for Proposed Standard Jury Instructions, Pennsylvania Standard Jury Instructions 6.30.

We conclude, viewing the charge in its entirety, that this specific instruction was not adequately covered. We are therefore compelled to reverse.

We recognize that the trial judge, in devising instructions for a jury which set forth a clear exposition of the law, faces a difficult problem and carries a heavy burden. The problem is particularly difficult when as here the court is instructing laymen on the theory of concurrent causes. Recognizing that he is taking a jury on a journey completely alien to them, the trial judge must use extreme care in its use of words and phrases; otherwise, a journey which is supposed to be educational and enlightening will end in a sea of confusion. See *Azzarello v. Black Bros., Co., Inc.*, 480 Pa. 547, 391 A.2d 1020 (1978). The need for extreme care is particularly apt when as here the appellant had serious physical disorders prior to the accident, alleged serious mental disorders after the accident, and the ensuing medical problems could reasonably be consistent with either cause.

For the foregoing reasons we reverse and order a new trial.[4]

VAN der VOORT, J., concurs in the result.

4. Because of our disposition of this case, we will not address other issues raised by appellant.