## Balliet v. Toyota Motor Sales USA, Inc.

C.P. of Luzerne County, no. 358-C 2004.

*Jay Lawrence Fulmer,* for plaintiff.
*Gerard Cedrone, Leland I. Kellner,* and *Barri A. Orlow,* for defendants.

VAN JURA, *J.,* July 2, 2010—Before the court are the plaintiff's motion in limine to preclude evidence of, or references to, (1) Social Security disability benefits and (2) all workers' compensation benefits; and plaintiff's motion in limine to preclude the testimony of defense expert witness, John E. Johnson P.E., C.S.P.

The motions were briefed on behalf of all parties, and the matters were argued before this court on June 21, 2010,

This is essentially a products liability action commenced by the plaintiff for alleged injuries claimed to have been incurred on January 11, 2002 at the premises of the plaintiff's employer, Zapata Innovative Plastics Inc. in Hazleton, Luzerne County, Pennsylvania. The subject Toyota 7FGCU25 Lift Truck (forklift) is alleged to have hit a fixed object, causing the object to strike Mr. Balliet's head, causing the injuries described in the plaintiff's complaint. He underwent surgery consisting of an anterior cervical discectomy and interbody fusion using allographed bone and titanium zephyr plate system. The surgery occurred on July 25, 2002. Because the incident happened during the course of Mr. Balliet's employment, he was entitled to and received workers' compensation benefits for both medical expenses and indemnity for lost wages. The entire workers' compensation lien was waived by the insurance carrier. Additionally, Mr. Balliet applied for and was awarded Social Security disability benefits.

## I. PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF, OR REFERENCES TO (1) SOCIAL SECURITY DISABILITY BENEFITS AND (2) ALL WORKERS' COMPENSATION BENEFITS

In the *"questions presented"* portion of the plaintiff's brief, the plaintiff postures the issue as follows:

"Whether evidence of the *amount* of Mr. Balliet's receipt of Social Security disability benefits and workers' compensation benefits for both medical expenses and indemnity for wage loss are inadmissible under Pennsylvania's "collateral source rule"? Suggested answer: yes."

Appended to his motion in limine is a vocational-economic loss report for the plaintiff, Leroy Balliet, prepared by Robert P. Wolf Ed.D., M.B.A. which, at page 3 of the report observes:

"Other: Mr. Balliet has been judged totally disabled by the Social Security Administration based on an inability to perform any competitive work existing in the local, regional or national economies compatible with his educational and experiential background."

Based on the text of the Wolf report and the argument of counsel, it is the plaintiff who intends to raise the issue of the fact of the plaintiff having applied for and been awarded Social Security disability benefits and workers' compensation benefits.

The collateral source rule is a rule of evidence that was intended to protect tort victims, and "prohibits a *defendant* in a personal injury action from introducing evidence of the amount of plaintiff's receipt of any ben-

efits from a collateral source for the same injuries which are alleged to have been caused by the defendant. *Simmons v. Cobb,* 906 A.2d 582, 585 (Pa. Super. 2006) (citing *Collins v. Cement Express Inc.,* 301 Pa. Super. 319, 322, 447 A.2d 987, 988 (1982)). However, as is noted in *Simmons v. Cobb,* 906 A.2d at 585, in that case, (and in the present case), it is the appellant, the plaintiff, who wanted the jury to know that he was receiving these benefits, which was the result of a determination that plaintiff was, indeed, disabled within the meaning of the Social Security Act. Thus, the purposes underlying the collateral source rule—protection of the plaintiff and prevention of a benefit to the alleged wrongdoer, simply were not implicated.

That, however, is not an answer fully responsive to the apparent intent of the plaintiff's motion in limine.

The court agrees that, as a general principle of Pennsylvania law, the amount of plaintiff's receipt of any benefits from a collateral source for the same injuries which are alleged to have been caused by the defendant are prohibited from being introduced into evidence at trial.

The court is not presently in a position to determine the precise manner or language by which the plaintiff intends to introduce the specific evidence of the plaintiff having been awarded Social Security benefits or workers' compensation benefits and, therefore, is not in a position to know what the proper scope of cross-examination might be on behalf of the defendants at that time. Beyond holding generally that the defendant cannot initiate the introduction of evidence with respect to the amount of the benefits at issue, and absent the plaintiff "opening the door", to cross-examination, or if such information

is admissible for other purposes, the court cannot speculate further regarding the possible permutations of testimony regarding this issue, and the plaintiff's motion in limine must be dismissed without prejudice as being premature. This issue may be re-addressed at a subsequent time, most notably at the time of an offer of proof on behalf of the plaintiff's witnesses who may address either or both of these subjects.

## II. PLAINTIFF'S MOTION TO PRECLUDE THE TESTIMONY OF THE DEFENSE EXPERT JOHN E. JOHNSON

The defendants have provided an expert report from the proposed defense expert, John E. Johnson P.E., C.S.P., dated August 22, 2008.

The plaintiff's motion to preclude the testimony of Mr. Johnson is based on two arguments: (1) The conduct of the plaintiff and his co-workers as described in the Johnson report is inadmissible because it concerns a party's or his co-workers' alleged negligent conduct; and (2) those portions of the Johnson report pertaining to industry standards are irrelevant in a 402A strict liability action since such evidence would allegedly improperly inject the concepts of comparative negligence and negligence into a straightforward 402A strict liability action.

It is clear that comparative negligence is not a defense to a 402A strict liability claim. *Kimco Development Corporation v. Michael D's Carpet Outlets,* 536 Pa. 1, 637 A.2d 603 (1993).

A claim based on strict products liability requires two (2) elements of proof: (1) that the product was defective;

"and (2) that the defect in the product was a proximate cause of the plaintiff's injury. *Toth v. Economy Forms Corporation,* 391 Pa. Super. 383, 387, 571 A.2d 420, 422 (1990)

Both the plaintiff's and the defendant in their briefs cite *Berkebile v. Brantly Helicopter Corporation,* 462 Pa. 83, 337 A.2d 893 (1975). A reading of *Berkebile, supra* and subsequent cases make it clear that even where negligence is not an issue in the action, facts and/or conduct which could constitute negligence can be relevant and admissible in a strict products liability action under section 402A of the Restatement (Second) of Torts, as adopted in Pennsylvania, where it is introduced to establish that the incident in question was caused solely by the conduct of the user or others and not related in any way to the alleged product defect.

In *Foley v. Clark Equipment Company,* 361 Pa. Super. 599, 523 A.2d 379 (1987, *allocatur denied,* 516 Pa. 614 and 641, 531 A.2d 780 and 533 A.2d 712 (1987), the defendant was permitted to prove that the cause of the collision between a forklift and a pedestrian was the inattention of the operator, not any defect in the forklift. Evidence that is inadmissible for one purpose is not necessarily inadmissible for all purposes. *Bialek v. Pittsburgh Brewing Company,* 430 Pa. 176, 242 A.2d 231 (1968)

The content of the report of the defense expert, Mr. Johnson, which addresses the conduct of the plaintiff and his co-workers, is not inadmissible where it is introduced solely to rebut the plaintiff's contentions of defect and causation.

The plaintiff's motion in limine also seeks to prohibit testimony by Mr. Johnson regarding industry standards based on the theory that they are irrelevant and admissible in a strict products liability action based on *Lewis v. Coffing Hoist Division, Duff-Norton Co. Inc.,* 515 Pa. 334, 528 A.2d 590 (1987).

While that is generally true, in this case, the plaintiff is also seeking punitive damages, and the imposition of punitive damages imports the nature of the defendants' conduct as well as the element of scienter. The defendants are, under Pennsylvania law, permitted to introduce evidence of industry standards and custom to support the defense that the defendants acted with a non-culpable state of mind that could negate a claim of wanton or reckless indifference to the rights of others.

Evidence of industry standards contained in Mr. Johnson's report could be admissible solely for the purpose of refuting the plaintiff's claims for punitive damages. *Nigro v. Remington Arms Company Inc.,* 432 Pa. Super. 60, 637 A.2d 983 (1993).

For the foregoing reasons, the court enters the attached order.

The prothonotary is directed to serve notice of the entry of this order pursuant to Pa.R.C.P. 236.

## ORDER

And now, July 2, 2010, at 3:22 o'clock p.m., upon consideration of the plaintiff's motions in limine and brief in support thereof, the entire record, the argument of the parties and the law of the Commonwealth of Pennsylvania;

456

It is hereby ordered that the motions in limine of the plaintiff are herewith dismissed.

The prothonotary is directed to serve notice of the entry of this order pursuant to Pa.R.C.P. 236.