453 A.2d 655

**Robert DANKS and Linda Danks**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed Dec. 10, 1982.

David M. McCormick, Philadelphia, for appellant.
Harold F. Kaufman, Philadelphia, for appellees.

Before PRICE, WATKINS and MONTGOMERY, JJ.

PRICE, Judge:

The instant appeal is from the order of April 9, 1980, entering judgment awarding appellees, Robert and Linda

Danks, costs, interest and counsel fees in the sum of $2,251.42 under the Pennsylvania No-Fault Motor Vehicle Insurance Act ("Act").[1] Appellant, the Government Employees Insurance Company, raises two issues on appeal. First, appellant maintains that the trial court erred in concluding that under § 1009.107(3) of the Act, when calculating attorney's fees to be awarded, it had no discretion to determine whether the amount of time expended by appellees' counsel was reasonable in relation to the case. Appellant also argues that, having such discretion, the court below erred in refusing to consider evidence of offers of settlement made by appellant in evaluating the reasonableness of the time expended by appellees' attorney. We agree with appellant that in awarding attorney's fees under the Act, the court must determine whether the time spent by counsel was appropriate to the case, but hold that appellant's offers of settlement are not admissible on this issue.

Appellees were injured in an automobile accident on December 19, 1975. Counsel was retained and claims filed. Bills were submitted as medical expenses were incurred. Apparently, early in this process, appellees' counsel improperly submitted two bills. Thereafter, appellees submitted only proper bills, which appellant admitted should have been paid. Appellant made payments on these medical bills from time to time, final payment having been made on April 12, 1977, after suit was instituted. Depositions of appellant's employees were conducted on June 15, 1977, and arbitration held on October 26, 1977. An arbitration award was filed November 4, 1977, wherein the arbitrators found in favor of appellees in the amount of $39.57 for interest and $500 for attorney's fees. Appellees appealed from this award, and a non-jury trial was held in March of 1980.

■ Section 1009.107(3) of the Act provides:
If in any action by a claimant to recover no fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claim-

1. 40 P.S. § 1009.101 *et seq.*

ant's attorney a reasonable fee based on actual time expended.

The trial court concluded that while the actions of appellant in failing to pay bills promptly were not willful or intentional, they were nonetheless "without reasonable foundation," so that appellees were entitled to attorney's fees under the Act. The court further determined that the hourly rate claimed by appellees' attorney was reasonable. Neither of these conclusions is challenged on appeal. The court below also found, however, that "[u]pon proof of actual time expended, the court's inquiry should be at an end." We cannot agree with this interpretation of the statutory language. While the reasonableness of attorneys' fees is a matter within the sound discretion of the trial judge, *Re Trust Estate of LaRocca*, 431 Pa. 542, 246 A.2d 337 (1968); *Shearer v. Moore*, 277 Pa. Superior Ct. 70, 419 A.2d 665 (1980), the court in exercising its discretion must evaluate the reasonableness of time spent by counsel in relation to the particular case.

■ The court below essentially concluded that by specifying that fees be "based on actual time expended," the legislature removed from the court's consideration any factors other than the reasonableness of the hourly fee claimed. We find, to the contrary, that the statutory language "a reasonable fee based on actual time expended" clearly mandates that the fee awarded be a reasonable one, taking all relevant factors into consideration, as well as that it be limited to a reasonable hourly rate for actual time expended.

The trial court supported its interpretation of the language of the Act by noting that "the purpose of the Act was to avoid litigation, rather than to proliferate it." [2] Although it is true that an evaluation of the hours expended by counsel must necessarily consume the court's time, if the hours expended are not subject to scrutiny, it is evident that excessive litigation may, in fact, be encouraged. Although

2. As the court below noted, the purpose of the Act is to establish a "system of prompt and adequate basic loss benefits." 40 P.S. § 1009.102(b).

we agree with the court below that it is not the function of the court to second-guess counsel's strategy, it is important that the hours claimed by counsel be reviewed to determine that the time actually spent was reasonably necessary and appropriate to the case. The courts of this state, in awarding attorney's fees generally, have held that reimbursement must be for time *appropriately* spent by counsel on the particular case. *See, e.g., Estate of Fraiman,* 408 Pa. 442, 184 A.2d 494 (1962) (mere fact that attorney spent many hours on a case will not support a large award where some of the time spent was because of counsel's inexperience).[3]

In this case, appellant claims that a portion of the time reimbursed in the award of attorney's fees was spent by counsel in attempting to collect fees to which appellees were not entitled. In evaluating the reasonableness of time expended by counsel, the court will, of course, take into consideration whether, and to what extent, counsel's time was so employed.

■ Appellant maintains that its own offers of settlement should be admissible to show that the amount of time spent by appellees' attorney on this case was unreasonable. We do not agree. It is generally the rule in civil litigation that offers of settlement or compromise of a disputed claim, not accepted, are not admissible in evidence. *Rochester Machine Corporation v. Mulach Steel Corporation,* 287 Pa. Superior Ct. 270, 430 A.2d 280 (1981); *Durant v. McKelvey,* 187 Pa. Superior Ct. 461, 144 A.2d 527 (1958). We are mindful of the fact that this rule has generally been employed to

---

**3.** Commentators have addressed the problems inherent in employing a time standard alone to determine reasonable attorney's fees. If time alone is to be the criterion ". . . economy of time may cease to be a virtue. Inexperience, inefficiency, even incompetence will be rewarded. Expeditious termination of litigation will be discouraged—to the great cost of all concerned, including the state." Hornstein, *Legal Therapeutics: The "Salvage" Factor in Counsel Fee Awards,* 69 Harv.L.Rev. 658, 660–61 (1956).

Thus, although time expended by counsel is frequently considered in awarding attorney's fees, even in the absence of statutory mandate, the courts have been careful to ascertain that the time expended was appropriate in the context of a particular case. *See* 57 A.L.R.3d 475, § 3.

prevent the use of a rejected offer of settlement, against the party who made the offer, as an admission of liability for or the invalidity of a claim or its amount.[4] We see no reason, however, to create an exception to the rule excluding such unaccepted offers from evidence for the type of situation presented in this case. We will not place the courts in the position of second-guessing counsel in hindsight as to whether he should have accepted an offer to compromise a claim. This type of evidence is not necessary to an accurate appraisal of time expended by appellees' attorney.

Case remanded for proceedings consistent with this opinion. Jurisdiction is not retained.

4. In *Woldow v. Dever*, 374 Pa. 370, 97 A.2d 777 (1953), the court noted that the compromise offer complained of was introduced by the party who had made the offer, rather than the party who had rejected it. In that case, the court concluded that even if the admission of such testimony would ordinarily be deemed error, the plaintiffs were in no position to complain, as they had themselves introduced the subject of the settlement negotiations at trial, so that the defendant was entitled to introduce evidence of his version of the incident.