509 A.2d 334

**Robyn LITTLEJOHN, Appellant,**

**v.**

**KEYSTONE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1985.

Filed April 25, 1986.

Reargument Denied June 5, 1986.

Allen L. Feingold, Philadelphia, for appellant.

Michael W. McCarrin, Philadelphia, for appellee.

Before CIRILLO, MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, later reduced to judgment, denying a motion to vacate an arbitration award entered against the plaintiff, Robyn Littlejohn, and, in turn, confirming the award.[1] We affirm.

On the 20th of June, 1977, Ms. Littlejohn was awaiting the change of a red light at an intersection when the vehicle she occupied was struck by one driven by a Carl Stewart. It was Ms. Littlejohn's belief that a third vehicle hit the rear of the Stewart automobile and caused it to make contact with her vehicle. The identity of this alleged third party was never discovered, nor, in fact, was it ever proven that such a third vehicle ever existed.

In February of 1980, Ms. Littlejohn instituted a complaint in assumpsit and trespass against her carrier, Keystone Insurance Company, for failing to honor her claim for uninsured motorist benefits arising out of the actions of the purported third motorist who left the scene of the accident. Alternatively, in November of 1981, Ms. Littlejohn also filed a petition seeking the appointment of a neutral arbitrator to expedite the resolution of the matter, as provided for in the policy of insurance.

Keystone filed an answer and new matter, accompanied by a memorandum of law, arguing that the plaintiff's election to file suit in Common Pleas Court precluded her from seeking the identical relief through arbitration. If the court did not agree, then Keystone asked that all judicial proceedings be stayed pursuant to 42 Pa.C.S.A. § 7304(d).

All proceedings in Common Pleas Court were ordered stayed and the parties were directed to commence arbitration. In accordance therewith, a 3-member panel was selected and heard evidence in September of 1982, the consequence of which was the entry of an award, with one arbitrator dissenting, that read: "Find in favor of defend-

1. See The Act of October 5, 1980, P.L. 693, No. 142, § 501(a), 42 Pa.C.S.A. § 7314(d).

ant and against plaintiff." Exceptions and a motion to vacate the award were filed and denied by the court. This appeal followed.

■ Two of the four issues raised by the plaintiff were adequately addressed by the court below. The third question, labelled Roman numeral IV in the plaintiff's appellate brief, does not appear in the Exceptions and Motion to Vacate filed with the court below. Therefore, we hold this matter waived. Cf. *Commercial Credit Corp. v. Cacciatiore*, 343 Pa.Super. 430, 495 A.2d 540 (1985). Even if, for the sake of argument, we were to hold the issue preserved, our determination would not be altered since it is intertwined with the "settlement" disclosure issue, a subject which we have found to be meritless. See discussion *infra*. Thus, we will center our discussion on an issue which appears to have received little consideration by the appellate courts. The plaintiff frames it as follows:

II. Whether the lower Court erred when it dismissed plaintiff's Petition to Vacate the Award of Arbitrators and confirmed the said Award since defendant improperly informed the arbitrators of the settlement recovered by plaintiff in a separate action against a third party driver.

■ We find no fault with the plaintiff's general proposition that the law is not hesitant to reverse a verdict where the trier-of-fact has been exposed to information that a plaintiff has received compensation from a source other than the defendant, especially where the plaintiff seeks the recoupment of identical damages in a subsequent suit except this time it is from the defendant. See, e.g., *Moidel v. Peoples Natural Gas Co.*, 397 Pa. 212, 154 A.2d 399 (1959) (Collateral source rule in the context of a trial); *Kagarise v. Shover*, 218 Pa.Super. 287, 275 A.2d 855 (1971) (semble).

However, before delving into the merits of the plaintiff's argument, we find it prudent to point out some preliminary matters as an aid to understanding the ultimate ruling made.

First, we must decide whether the arbitration proceedings were conducted under common law or under the procedure outlined in the Arbitration Act of April 25, 1927, P.L. 381, 5 P.S. § 161 et seq., repealed by the Judiciary Act Repealer Act of October 5, 1980, P.L. 693, No. 142, § 501(c), effective in 60 days. For purposes of appellate review, this dichotomy is vital. See generally *Wingate Construction Co. v. Schweizer Dipple, Inc.,* 419 Pa. 74, 213 A.2d 275 (1965) (Arbitration Act of 1927 compared to common law arbitration); *Bromley v. Erie Insurance Group,* 322 Pa.Super. 542, 469 A.2d 1124 (1983) (Uniform Arbitration Act of 1980 compared to common law arbitration).

 The distinction to be made is that in the case of statutory arbitration a court "shall" modify or correct an award that is "contrary to law", just as if it were rendered by a jury and vulnerable to change because of the impropriety. See 42 Pa.C.S.A. § 7302(d)(2). On the other hand, judicial review of common law arbitration awards is narrowly circumscribed. As our Supreme Court has oft-stated:

> If the appeal is from a common law award, Appellant, to succeed, must show by clear, precise and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable and unconscionable award, the arbitrator being the final judge of both law and fact, his award not being subject to disturbance for a mistake of either.

*Harwitz v. Selas Corporation of America,* 406 Pa. 539, 542, 178 A.2d 617, 619 (1962). Accord *Greenspan v. United Services Auto. Association,* 324 Pa.Super. 315, 471 A.2d 856 (1984), allocatur denied July 20, 1984.

Instantly, the record reveals that the parties conducted their dispute under the auspices of statutory arbitration.[2]

2. See Plaintiff's Memorandum of Law attached to Exceptions and Motion To Vacate Award at pages 9–10; Defendant's Answer to Plaintiff's Exceptions and Motion To Vacate at points 14 and 34; Defend-

*John A. Robbins Co. v. Airportels, Inc.*, 418 Pa. 257, 210 A.2d 896 (1965).

■ We observe that the parties' reference to the Act of 1927, as governing the review of the issues argued below, is correct, even though it was repealed by the time the 1982 arbitration hearing was conducted. See *Pasternak v. State Farm Mutual Automobile Insurance Co.*, 350 Pa.Super. 448, 504 A.2d 925 (1986) (Because the cause of action arose prior to repeal of the Act of 1927, the fact that arbitration held after its repeal, did not render it ineffectual). Even if the case were otherwise, our determination would not be changed under the present statute on the matter. See The Uniform Arbitration Act of October 5, 1980, P.L. 693, No. 142, 42 Pa.C.S.A. § 7301 et seq.

To explicate, as succintly as possible, we start by noting that this Court recently held that the "collateral source rule" was modified by the then existing No-Fault Act[3] to the extent that a trier-of-fact could be informed of the plaintiff's receipt of benefits as a result of an automobile accident which were in addition to those for which he had instituted suit. See *Holland v. Zelnick*, 329 Pa.Super. 469, 478 A.2d 885 (1984). Since the No-Fault Act was in effect at the time of the arbitration under scrutiny here, we see no reason why *Holland* should not be looked to for guidance.

Also, we observe that the discussion of the "settlement" was broached by counsel for the plaintiff during defense counsel's opening remarks to the arbitrators. (See Hearing at pages 4–5) This renders untenable the plaintiff's "error of law" assertion. See *Collins v. Cement Express, Inc.*, 301 Pa.Super. 319, 447 A.2d 987 (1982).

■ Lastly, because the plaintiff entered into a settlement agreement with Stewart "without the written consent of the insurer", she would be precluded from securing

ant's Memorandum of Law attached to Petition to Confirm Arbitrators' Award.

**3.** The Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq., repealed by the Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

compensation for her bodily injuries sustained as a result of the purported third-party uninsured motorist. See Uninsured Motorist Act, 40 P.S. § 2000(e)(2);[4] *Cotton v. Insurance Co. of North America,* 344 Pa.Super. 602, 497 A.2d 254 (1985).

It must be remembered that the purpose of opting for arbitration vis-a-vis a trial is the "quick and easy mode of obtaining justice" afforded by the arbitration form of dispute-resolution. See *Sudders v. United National Insurance Co.,* 217 Pa.Super. 196, 269 A.2d 370 (1970); *Application of Westinghouse Air Brake,* 166 Pa.Super. 91, 70 A.2d 681 (1950). To permit the aggrieved party to use the process now as merely a step to further appellate review would be to emasculate the objectives of the arbitration scheme. We will not be a party to such maneuvering in the face of a record unblemished by procedural or substantive error.

We affirm the actions of the court below.

4. Paragraph (2) of subsection (e) of Section 2000 reads:

**§ 2000. Motorists uninsured, insurance protection**

\* \* \* \* \* \*

(e) The coverage required by this section does not apply.

\* \* \* \* \* \*

(2) To bodily injury sustained by the insured with respect to which the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor. The Act of August 14, 1963, P.L. 909, § 1, as amended 1968, December 19, P.L. 1254, No. 397, § 1, effective January 1, 1969, 40 P.S. § 2000(e)(2).