577 A.2d 902

**Roberta WARE, Appellant,**

**v.**

**UNITED STATES FIDELITY & GUARANTY COMPANY.**

Superior Court of Pennsylvania.

Argued March 6, 1990.

Filed July 20, 1990.

502

Allen L. Feingold, Philadelphia, for appellant.

James B. Jordan, Philadelphia, for appellee.

Before McEWEN, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a judgment in favor of appellant, Roberta Ware, which required appellee, United States Fidelity & Guaranty Company ("Fidelity") to pay non-record costs and nominal counsel fees. For the reasons set forth

below, we vacate the award and remand the case to the trial court.

Appellant sustained personal injuries as a result of a motor vehicle accident which occurred in February of 1981. On August 2, 1981, as part of her effort to obtain reimbursement for medical expenses incurred, Ms. Ware submitted to Fidelity a claim for professional services rendered by Leonard Klinghoffer, M.D. for which he billed a total of one hundred sixty dollars ($160.00). On May 7, 1984, appellant submitted an additional claim for an office visit to Dr. Klinghoffer in the amount of thirty dollars ($30.00). At that time Ms. Ware also requested Fidelity to pay her prior one hundred sixty dollar claim. Both submissions were sent via certified mail, and the return receipts indicate that Fidelity received each claim the day after it was mailed. Neither claim was paid within thirty (30) days of Fidelity's receipt of the May 7, 1984 submission.

Appellant commenced an action against Fidelity on June 19, 1984 to which Fidelity responded by filing an answer and new matter on July 10, 1984. The matter proceeded to discovery and was eventually presented before an arbitration panel. The arbitration award in favor of Ms. Ward required Fidelity to pay the sum of thirty seven dollars and fifty cents ($37.50) for non-record costs and two hundred fifty dollars ($250.00) for attorney's fees. Ms. Ward timely filed an appeal from the award of arbitration. A hearing was held on October 5, 1987, after which the Honorable Alfred J. DiBona, Jr. confirmed the arbitration award.

Appellant filed post-trial motions which were denied by the lower court on July 12, 1988. On September 14, 1989, appellant filed a praecipe to enter judgment. The instant appeal followed in which appellant raises two issues for our consideration:

1. Whether the trial [c]ourt was obligated to recuse itself from this matter.

2. Whether the trial [c]ourt erred when it denied the plaintiff's claim for payment of Dr. Klinghoffer's medical bill plus 18% interest, reasonable costs, inter-

est and attorney's fees, under the Pennsylvania No–Fault Insurance Act.

Additionally, appellee raises the following issue:

■ Whether the Superior Court is without jurisdiction to entertain this appeal on the basis that the appeal is untimely.

We will address appellee's argument first.

■ An order confirming or denying confirmation of an arbitration award must first be reduced to judgment before it may be appealed. *Seay v. Prudential Prop. & Cas. Ins.*, 375 Pa.Super. 37, 40, 543 A.2d 1166, 1168 (1988), *allocatur dismissed*, 523 Pa. 105, 565 A.2d 159 (1989). Thus, the time for filing such an appeal begins to run from the entry of final judgment, not from the date of the order confirming the award. *Id.* In the instant case, final judgment was entered on September 14, 1989 and Ms. Ware filed notice of appeal to this court on that same day. As appellant took her appeal within thirty days of the entry of final judgment, we conclude that her appeal was timely.[1]

1. We are cognizant of appellee's argument that this is an appeal from a grant of summary judgment rather than an appeal from an order confirming an arbitration award. However, the certified record does not contain copies of the cross-motions for summary judgment described in appellee's brief. Nor are there docket entries to support appellee's contentions regarding the posture of the case.

As appellee points out, counsel for Fidelity argued before the lower court that Ms. Ward had filed a motion for summary judgment. N.T. 10/5/87 at 30. Counsel for appellant did not, however, agree with appellee's assertion. *Id.* The transcript clearly indicates that although Fidelity's counsel insisted that the purpose of the October 5th hearing was to settle a motion for summary judgment, counsel for Ms. Ward was equally insistent that this was an incorrect description of the matter before the trial judge. Appellant's counsel attempted several times to move the presentation along to a discussion of the substantive matters he wished to present, but appellee's counsel continually raised procedural matters. Finally, the following exchange occurred:

(By counsel for Fidelity): I think we are talking about the same thing, but it's still my understanding that procedurally the context is a motion by summary judgment on your behalf.

(By counsel for Ms. Ware): Whatever.

*Id.* at 32. When the above remarks are considered in their full context, it is readily apparent that appellant's counsel did not agree to

Appellant first argues that the trial court was obligated to recuse itself from the case underlying the instant appeal. The gravamen of appellant's complaint is that the lower court judge, the Honorable Alfred J. DiBona, Jr., has always been predisposed to rule against counsel for appellant and whatever client he represents, even when the law is clearly in their favor. In support of this contention, counsel for appellant cites multiple instances in which Judge DiBona has ruled against other clients represented by appellant's counsel, Allen L. Feingold.

It is beyond dispute that "a party to an action has the right to request the recusal of a jurist where that party has a reason to question the impartiality of the jurist in the cause before the court." *Goodheart v. Casey*, 523 Pa. 188, 198, 565 A.2d 757, 762 (1989). However, a mere recitation of unfavorable rulings against an attorney does not satisfy the burden of proving judicial bias, prejudice or unfairness. *Feingold v. Hill*, 360 Pa.Super. 539, 521 A.2d 33 (1987), *allocatur denied*, 515 Pa. 607, 529 A.2d 1081 (1987). Moreover, a party seeking recusal or disqualification must "raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred." *Goodheart v. Casey, supra*, 523 Pa. at 199, 565 A.2d at 763. *Accord Rizzo v. Haines*, 520 Pa. 484, 511, 555 A.2d 58, 71 (1989) (party who seeks recusal of a judge must present sufficient information in a timely fashion). Our supreme court has enunciated the rule concerning the substance of a recusal motion as follows:

> When circumstances arise during the course of a trial raising questions of a trial judge's bias or impartiality, it is still the duty of the party, who asserts that a judge should be disqualified, to allege by petition the bias, prejudice or unfairness necessitating recusal. A failure to produce a sufficient plea will result in a denial of the recusal motion.
>
> . . . .

appellee's characterization of the posture of this case. Rather, he was simply attempting to move the discussion of the issues forward.

The proper practice on a plea of prejudice is to address an application by petition to the judge before whom the proceedings are being tried. He may determine the question in the first instance, and ordinarily his disposition of it will not be disturbed unless there is an abuse of discretion.

*Reilly by Reilly v. SEPTA,* 507 Pa. 204, 220, 489 A.2d 1291, 1299 (1985) (citations omitted). A party seeking recusal must assert specific grounds in support of the recusal motion before the trial judge has issued a ruling on the substantive matter before him or her. *See id.,* 507 Pa. at 222, 489 A.2d at 1300 (party is deemed to have waived his right to have a judge disqualified once trial is completed with the entry of a verdict). A party may not raise the issue of judicial prejudice or bias for the first time in post trial proceedings. *Id.,* 507 Pa. at 222–23, 489 A.2d at 1300.

In the instant case, appellant did not question Judge DiBona's fairness until after he issued the order of October 5, 1987, affirming the arbitration award. Appellant first raised the issue of the trial judge's alleged bias in a motion for post-trial relief filed October 16, 1987. Thus, appellant waited too long to challenge the partiality of Judge DiBona's ruling. *See id.,* 507 Pa. at 223, 489 A.2d at 1300 (disapproving the practice of subjecting every case to unlimited questioning of the trial judge's impartiality and finding waiver of such claims when they have not been raised before entry of the verdict).

Further, appellant's brief merely recites a string of instances in which Judge DiBona has ruled against other clients represented by Attorney Feingold. This is not enough to satisfy the requirement that charges of judicial partiality must be set forth with specificity and supported by evidence establishing bias, prejudice or unfairness necessitating recusal. *See Feingold v. Hill, supra,* 360 Pa.Super. at 551, 521 A.2d at 39–40. Under the circumstances presented by the record in the instant case, we can offer appellant no relief on this claim.

The final issue raised by appellant is that the trial court erred in denying her claim for payment of Dr. Klinghoffer's bills plus 18% interest, reasonable costs, interest and attorney's fees. The record indicates that both parties are in clear agreement that any benefits payable to appellant were owed under a policy of *no fault* insurance. We note that the arbitration in the instant case was apparently conducted under the Uniform Arbitration Act of 1980 ("Uniform Arbitration Act"), 42 Pa.C.S.A. §§ 7301–7320.[2] Our scope of review is therefore governed by the Uniform Arbitration Act. *See Littlejohn v. Keystone Insurance Co.*, 353 Pa.Super. 63, 509 A.2d 334 (1986) (elucidating scope of review applicable to appeal from statutory arbitration under both Uniform Arbitration Act and Arbitration Act of 1927, 5 P.S. §§ 161–179 (repealed)).

Where statutory arbitration is involved, a reviewing court may modify or correct an award that is contrary to law, just as if it were rendered by a jury and vulnerable to change because of impropriety. *Littlejohn, supra* at 67, 509 A.2d at 336–37. *See* 42 Pa.C.S.A. § 7302(d)(2). *See also Meerzon v. Erie Insurance Co.*, 380 Pa.Super. 386, 551 A.2d 1106 (1988) (explicating "contrary to law" standard of review as applicable to appeal from an order confirming a statutory arbitration award). *But cf. Popskyj v. Keystone Insurance Co.*, 388 Pa.Super. 429, 565 A.2d 1184 (1989) (*en banc*) (arbitration award entered in dispute pursuant to insurance policy was not automatically entitled to review under error of law standard set forth in Uniform Arbitration Act of 1980). Appellant does not contend that the award was contrary to law with regard to her medical bills, or the interest owing thereon. She has, however, set forth

---

**2.** *See* appellant's reply brief at 1. The procedure followed by appellant in reducing her award to a judgment and the precedent cited in her brief indicate appellant's belief that the Uniform Arbitration Act governs this appeal. Appellee has not in any meaningful way challenged appellant's assertions in this regard, or the necessary legal implications that flow therefrom. Appellee has simply mischaracterized the procedural posture of the instant case as an appeal from a motion for summary judgment. We should not need to remind counsel for both parties that the better practice is to clearly identify the type of arbitration underlying an appeal.

a fully developed argument relating to the attorney's fees and costs awarded by the panel of arbitrators and confirmed by the trial court. We find that the attorney's fees and costs granted are clearly inadequate under the Pennsylvania No Fault Motor Vehicle Insurance Act ("No Fault Act").[3]

The No Fault Act provides for the payment of attorney's fees as follows:

Fees of claimant's attorney.—

(1) If any overdue no-fault benefits are paid by the obligor after receipt by the obligor of notice of representation of a claimant in connection with a claim or action for the payment of no-fault benefits, a reasonable attorney's fee (*based on actual time expended*) shall be paid by the obligor to such attorney. *No part of the attorney's fee for representing the claimant in connection with such claim or action* for no-fault benefits shall be charged or deducted from benefits otherwise due to such claimant and *no part of such benefits may be applied to such fee.*

40 P.S. § 1009.107 (emphasis added). The record in the instant case discloses that appellee admitted to having paid overdue benefits to appellant after she instituted the action underlying the instant appeal and served notice to appellee that she was represented by present counsel. N.T. 10/5/87 at 36. Appellant was therefore entitled to an award of "reasonable attorney's fees" based on the *actual time expended* by her attorney under § 1009.107(1), *supra.* Appellant was also entitled to receive costs. *See Solomon v. Sentry Insurance Co.*, 324 Pa.Super. 329, 333–34, 471 A.2d 863, 865–66 (1984) (attorney's fees are recoverable by no-fault claimant if overdue no-fault benefits are paid after the insurer receives notice of representation of a claimant in

3. Act of July 19, 1974, P.L. 489, P.L. 489, No. 176, Art. 1, Sec. 101, *et seq.*, 40 P.S. Sec. 1009.101, *et seq.*, *repealed*, Act of February 12, 1984, P.L. 26, No. 11, Sec. 8(a), effective October 1, 1984. At the time of the automobile accident underlying the instant appeal, appellant's insurance claims were governed by the currently repealed No Fault Act.

connection with a claim or action for no-fault benefits; costs are ordinarily awarded to the prevailing party).

The reasonableness of attorney's fees is a matter within the sound discretion of the trial judge. *Danks v. Government Employees Insurance Co.*, 307 Pa.Super. 421, 424, 453 A.2d 655, 656 (1982). In construing the language of § 1009.107(3) of the No Fault Act, the *Danks* court held that a "reasonable fee" based on "time actually expended" must take into consideration the number of hours actually expended by counsel, the reasonableness of the hourly fee charged, and the amount of time appropriately spent by counsel on the claimant's case. *Id.*, 307 Pa.Superior Ct. at 424–25, 453 A.2d at 656–57. We find it sensible to apply the standard set forth in *Danks* when determining counsel fees under § 1009.107(1) of the No Fault Act.

In the instant case, the board of arbitrators awarded thirty-seven dollars and fifty cents ($37.50) in non-record costs as well as two hundred fifty dollars ($250.00) in counsel fees in connection with appellant's attempt to secure the benefits to which she was entitled. The lower court subsequently affirmed the arbitrator's award stating only that it was "reasonable for the work required of plaintiff's attorney in seeking payment under the No-fault Act." (Slip op. of 7/12/88 at 2.) However, uncontested evidence presented at the October 5, 1987 hearing indicated that in order to pursue his client's claims, Attorney Feingold worked fifteen (15) hours at a rate of one hundred dollars ($100.00) per hour plus an additional term of hours at one hundred fifty dollars ($150.00) per hour. N.T. 10/5/87 at 22–29. Appellant also introduced uncontested evidence that she had sustained costs well in excess of the $37.50 granted to her. *Id.* at 28–29. Under the circumstances presented here, we find that it was an abuse of discretion to award appellant only $287.50 in costs and attorney's fees.

We note that the purpose of the No Fault Insurance system was to provide "basic loss benefits for motor vehicle accident victims...." 40 P.S. § 1009.102(b); *Metzel v.*

*State Farm,* 389 Pa.Super. 30, 33, 566 A.2d 600, 602 (1989). We agree with appellant that in the absence of a mandate from the legislature, it would be unfair to negate a victim's right to secure the recovery of benefits owed to her under the No–Fault Act by applying a rigid cap on attorney fees based on the size of the claim rather than on the amount of work reasonably necessary to successfully resolve the problem. Moreover, in § 1009.107(1), the legislature has clearly directed that no part of a claimant's benefits are to be used to pay necessary attorney fees associated with the attempt to collect benefits owed under a policy of No Fault Insurance. *See* § 1009.107(1), *supra.*

The determination of appropriate counsel fees and costs is best handled by the trial court. *See Gossman v. Lower Chanceford Twp.,* 503 Pa. 392, 469 A.2d 996 (1983); Pa.R. A.P., Rule 2744, 42 Pa.C.S.A. (explicating basis on which appellate courts may award attorney fees and costs). *See also Danks v. Government Employees Insurance Co., supra* (remanded so lower court could ascertain attorney fees). We therefore vacate the judgment entered September 14, 1989 and remand to the trial court so that it may determine: (1) the amount of allowable costs which appellant is justifiably entitled to receive; (2) the amount of time actually expended by counsel pursuing appellant's claims against appellee; (3) the reasonableness of the hourly fee charged; and (4) the amount of time appropriately spent by counsel to achieve a resolution of appellant's claims.

Reversed and remanded for proceedings not inconsistent with this opinion. Jurisdiction relinquished.