J-S16028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTY L. SMITH, | |
| Appellant | No. 1012 MDA 2014 |

Appeal from the Judgment of Sentence of May 20, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005216-2010

BEFORE:  PANELLA, OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 28, 2015**

Appellant, Christy L. Smith, appeals from the judgment of sentence entered on May 20, 2014 as made final by the denial of her post-sentence motion on June 5, 2014.  We affirm.

This Court previously outlined the factual background of this case as follows:

> In 2008, J.J., a 15-year-old sophomore at a public school in Lancaster, was a student in Appellant's English class.  J.J. confided in Appellant, first spending a significant amount of time with her at school during and after normal school hours.  Later, J.J. began to see Appellant outside of school as well.  Eventually, their relationship took on a sexual dimension.  J.J. testified that he engaged in three sexual encounters with Appellant.  During the first occasion, in November of 2008, the two engaged in oral and vaginal intercourse.  Later that same month, the two showered together, engaged in oral and vaginal intercourse and, at one point, Appellant used a vibrating sex toy on J.J.  On the third occasion, during Christmas break the following month, Appellant and J.J. showered together and then engaged in oral

and vaginal intercourse. The sexual contact between the two ended in January of 2009 as a result of an investigation by the school district into their relationship. However, Appellant and J.J. continued to communicate by phone. J.J. testified that he had fallen in love with Appellant and was devastated when their physical relationship ended.

***Commonwealth v. Smith***, 87 A.3d 890 (Pa. Super. 2013) (unpublished memorandum), at 2 (internal citations omitted).

On July 6, 2012, Appellant was charged via an amended criminal information with three counts of statutory sexual assault,[1] six counts of involuntary deviate sexual intercourse,[2] three counts of unlawful contact with a minor,[3] and one count of corruption of minors.[4] Appellant was also charged, in separate criminal informations, with offenses related to her relationship with another student. The cases were consolidated for trial and the trial court denied Appellant's motion to sever the charges involving J.J. from the charges involving the other student. Appellant was found guilty; however, this Court vacated Appellant's judgment of sentence after concluding that the trial court erred by denying Appellant's motion to sever. ***See id.*** at 8-18.

---

[1] 18 Pa.C.S.A. § 3121.1.

[2] 18 Pa.C.S.A. § 3123(a)(7).

[3] 18 Pa.C.S.A. § 318(a)(1).

[4] 18 Pa.C.S.A. § 301(a)(1).

On remand, Appellant proceeded to trial on the instant criminal information. Prior to trial, Appellant moved for the trial court's recusal. The trial court denied that motion. During trial, Appellant sought to cross-examine J.J. regarding details of burglary convictions entered after J.J. reached 18 years of age but before the trial on remand in the instant case. The Commonwealth objected to that line of questioning and the trial court sustained the objection. On March 26, 2014, Appellant was found guilty of one count of statutory sexual assault, two counts of involuntary deviate sexual intercourse, one count of unlawful contact with a minor, and one count of corruption of minors. On May 20, 2014, Appellant was sentenced to an aggregate term of 14 to 30 years' imprisonment. On May 30, 2014, Appellant filed a post-sentence motion. On June 5, 2014, the trial court denied her post-sentence motion. This timely appeal followed.[5]

Appellant presents two issues for our review:

1. Was it error for the trial court to deny the Appellant's [m]otion [f]or [r]ecusal where there was evidence of the trial court's fixed and substantial bias against the Appellant?

2. Did the trial court abuse its discretion in limiting the use of the testifying victim's prior burglary convictions, thus denying Appellant her right to a fair trial?

Appellant's Brief at 4.

_____

[5] On June 17, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On July 7, 2014, Appellant filed her concise statement. On September 19, 2014, the trial court issued its Rule 1925(a) opinion. Both issues raised by Appellant were included in her concise statement.

- 3 -

We briefly review J.J.'s criminal case, as both of Appellant's issues are related to that proceeding. This Court previously outlined the factual background and procedural history of those charges as follows:

[J.J.] and his cohorts burglarized several residential properties. Police apprehended [J.J.] in November 2011, and the Commonwealth charged him with multiple crimes at six [] separate docket numbers. On September 20, 2012, the parties appeared for a guilty plea hearing. At that time, the Commonwealth learned of the court's intent to proceed with sentencing immediately following the entry of the pleas. The Commonwealth, however, had not notified the victims about the proceedings. Consequently, the court continued the matter to provide the victims with an opportunity to prepare impact statements.

At the conclusion of the hearing, the court released [J.J.] on unsecured bail. The court informed J.J., "My sense is that you've been at the Lancaster Country Prison long enough, and I'm not going to punish you because of this snafu in terms of notification."

* * *

Prior to the next listing, the Commonwealth filed a recusal motion. In it, the Commonwealth criticized the court's decision to reduce [J.J.'s] bail to an unsecured amount. The Commonwealth also complained that the court's comments indicated it had already decided [J.J.'s] sentence would not involve further incarceration. In support of this assertion, the Commonwealth noted the court did not order a pre-sentence investigation ("PSI") report, which is atypical in cases involving dozens of serious criminal offenses. The Commonwealth concluded the court had demonstrated partiality in favor of [J.J.] The Commonwealth requested that the trial judge recuse himself from presiding over [J.J.'s case] in order to ensure the public trust of the tribunal being fair to all parties. The court denied the Commonwealth's recusal motion on October 2, 2012.

That same day, [J.J.] entered open guilty pleas to [25] counts of burglary and related counts of criminal attempt, criminal conspiracy, and theft by unlawful taking. The court accepted

[J.J.]'s pleas and immediately proceeded to sentencing. After receiving evidence and argument from both parties, the court sentenced [J.J.] to an aggregate term of time served (319 days) to [23] months' imprisonment, followed by eight [] years' probation. The court also granted parole and placed [J.J.] on house arrest with electronic monitoring for nine [] months.

*Commonwealth v. J.J.*, 87 A.3d 389 (Pa. Super. 2013) (unpublished memorandum), at 1-3 (certain internal quotation marks, internal alteration, and citations omitted).

When giving its rationale for J.J.'s sentence, the trial court explained:

Just over two months ago in this courtroom the same police department and the same prosecutor's office had a very different label for [J.J.]  On that occasion it was victim. They effectively and persuasively portrayed him as the victim of a manipulative and immoral teacher and an uncaring and inattentive school district. No doubt they'll do so again in two weeks when that matter will be before me for sentencing.

*Id.* at 11. (internal alteration, footnote, and citation omitted).

In her first issue on appeal, Appellant contends that the trial court erred by denying her motion for recusal.

Our Supreme Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.

*Commonwealth v. Kearney*, 92 A.3d 51, 60–61 (Pa. Super. 2014), *appeal denied*, 101 A.3d 102 (Pa. 2013) (internal quotation marks, alteration, and citations omitted).

Appellant argues that the trial court's comments at J.J.'s sentencing indicate that it had already decided that Appellant was guilty, and therefore had a fixed and substantial bias. Appellant does not rely on the procedural posture of this case to bolster her claims on appeal. Instead, as Appellant concedes, when this Court or our Supreme Court reverses and remands for further proceedings, there is no presumption that recusal of the original trial court is necessary. *E.g., Basile v. H & R Block, Inc.*, 894 A.2d 786, 791 (Pa. Super. 2006) (*en banc*), *vacated on other grounds*, 909 A.2d 298 (Pa. 2006) (*per curiam*); *Commonwealth v. Fisher*, 681 A.2d 130, 135 (Pa. 1996), *superseded on other grounds*, 42 Pa.C.S.A. § 9711(a); *Koleski v. Park*, 525 A.2d 405, 410 (Pa. Super. 1987). In such cases, the law is clear that the party seeking recusal still bears the burden of showing that the trial court is biased or prejudiced.

The trial court's statements at J.J.'s sentencing hearing were not of the trial court's personal beliefs. Instead, the trial court was merely reciting what the police department and the Commonwealth argued at Appellant's first trial. The trial court correctly noted that this portrayal was persuasive as the jury found J.J.'s testimony credible and found Appellant guilty of the charged offenses. The trial court's mere recitation of the police department and the Commonwealth's portrayal of J.J. and Appellant, and the jury's determination thereon, does not indicate that the trial court was biased in any manner.

Furthermore, Appellant fails to recognize the context in which the trial court's statement was made. J.J. appeared for sentencing after Appellant's original trial and prior to her first sentencing proceeding. Thus, at the time of J.J.'s sentencing, a jury of Appellant's peers determined that J.J. was a victim of sexual offenses committed by Appellant. Although this Court ultimately overturned that conviction, the fact remains that, at the time of J.J.'s sentencing, Appellant was convicted of victimizing J.J. The trial court could not ignore Appellant's conviction when sentencing J.J. Appellant's victimization of J.J. was a proper mitigating factor that the trial court was required to consider when pronouncing J.J.'s sentence. The trial court's performance of its duty when sentencing J.J. did not evidence bias or partiality. As the trial court noted when denying Appellant's motion for recusal, "as far as I recall . . . at the time [J.J.'s] case was resolved, [Appellant] had had her trial and was convicted by a jury. So it isn't a question of what I believe[d] or d[idn't] believe." N.T., 3/19/14, at 3.

We find instructive decisions by this Court, the Commonwealth Court, and our Supreme Court. In **Commonwealth v. Druce**, 848 A.2d 104 (Pa. 2004), the trial court made statements to the media regarding a pending criminal case. The defendant thereafter sought the trial court's recusal based upon those comments, arguing that they showed bias or prejudice against him. Our Supreme Court disagreed, noting that the comments made by the trial court "were directly related to information [the defendant]

admitted in court at his guilty plea[.]" *Id.* at 110. Thus, our Supreme Court held that the trial court's comments did not evidence bias or partiality against the defendant. *Id.* Although in this case Appellant did not plead guilty, the jury, as arbiter of the facts, made factual findings that bound the trial court. Thus, just like facts admitted at a guilty plea hearing, comments relating to facts found by a jury do not show bias or prejudice against Appellant.

In **Feingold v. Hill**, 521 A.2d 33 (Pa. Super. 1987), *appeal denied*, 529 A.2d 1081 (Pa. 1987), the plaintiff sought recusal of the trial court because it previously found him in contempt of court. This Court held that "these allegations are mere recitations of unfavorable rulings against [the plaintiff], and clearly fail to satisfy the necessary burden [to require recusal]." *Id.* at 40. Similarly, in **Ware v. U.S. Fid. & Guar. Co.**, 577 A.2d 902 (Pa. Super. 1990), this Court stated that "a mere recitation of unfavorable rulings against an attorney does not satisfy the burden of proving judicial bias, prejudice or unfairness." *Id.* at 904.

In **Subaru of Am., Inc. v. State Bd. of Vehicle Mfrs., Dealers & Salespersons**, 842 A.2d 1003 (Pa. Cmwlth. 2004), the Commonwealth Court noted that when a judge learns of certain facts while acting in his or her judicial capacity, forming views on those facts is not bias which requires recusal. *Id.* at 1009, *citing* Kenneth Culp Davis, Administrative Law Text, *Bias* § 12.06, at 253 (3d Ed. 1972). In this case, the trial court sat through

a lengthy jury trial at which J.J. testified regarding his sexual relationship with Appellant. It would be unreasonable to infer impermissible bias or prejudice from the trial court's recitation of the jury's findings and recitation of the positions advocated by the Commonwealth and the police department. Thus, these circumstances do not lead us to conclude that the trial court abused its discretion.

Appellant also argues that the trial court's ruling on the admission of J.J.'s prior burglary convictions evidenced its bias and prejudice. As discussed below, however, we conclude that the trial court properly sustained the Commonwealth's objection to Appellant's line of questioning. Correct evidentiary rulings cannot serve as the basis for finding bias or prejudice. Thus, we find no support in the record for Appellant's claim of bias or prejudice. Finally, there is no appearance of impropriety or bias. Instead, an impartial observer would view the trial court's statements at J.J.'s sentencing as fulfilling its obligation to consider the relevant factors for sentencing. The impartial observer would not construe the trial court's statements to indicate it was biased against Appellant. Therefore, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to recuse.

Appellant next contends that the trial court erred in limiting her cross-examination of J.J. regarding his burglary convictions. As our Supreme Court explained, "[i]t is well-established that the admissibility of evidence is

within the discretion of the trial court, and such rulings will not form the basis for appellate relief absent an abuse of discretion. Thus, th[is] Court may reverse an evidentiary ruling only upon a showing that the trial court abused that discretion." ***Commonwealth v. Hoover***, 107 A.3d 723, 729 (Pa. 2014) (internal quotation marks and citation omitted).

Pennsylvania Rule of Evidence 404 provides, in relevant part:

**(a) Character Evidence.**

(1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

(2) Exceptions for a Defendant or Victim in a Criminal Case. The following exceptions apply in a criminal case:

* * *

(B) subject to limitations imposed by statute a defendant may offer evidence of an alleged victim's pertinent trait

* * *

(3) Exceptions for a Witness. Evidence of a witness's character may be admitted under Rules 607, 608, and 609.

* * *

**(b) Crimes, Wrongs or Other Acts.**

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or

lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

(3) Notice in a Criminal Case. In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.Evid. 404. Pennsylvania Rule of Evidence 405 provides, in relevant part, that, "[s]pecific instances of conduct are not admissible to prove character or a trait of character, except . . . [i]n a criminal case, when character or a character trait of an alleged victim is admissible under [Rule] 404(a)(2)(B) [such that] the defendant may prove the character or character trait by specific instances of conduct." Pa.R.Evid. 405(b)(2).

Appellant's counsel asked J.J. whether he was convicted of burglarizing residences. N.T., 3/21/14, at 395.[6] The Commonwealth objected, and the trial court sustained the objection.[7] The trial court ruled that the convictions and the dates of the convictions could be entered into evidence; however, the details of the burglaries could not be entered into evidence. *Id.* at 395.

_____

[6] The notes of testimony for trial are continuously numbered in separate volumes. We cite to the correct date and the page number as indicated in the notes of testimony.

[7] The exact objection was not made on the record. Instead, the objection was made in chambers without a court reporter present. After counsel and the trial court resumed proceedings on the record, the trial court summarized the Commonwealth's objection on the record and its ruling thereon. *See* N.T., 3/20/14, at 188.

The trial court sustained the Commonwealth's objection because the trial court ruled the burglary convictions came "in for one reason and one reason only and that's impeachment to [] test whether [J.J.'s] credible on the stand today." *Id.* at 294. Appellant argues that she was prevented from presenting her theory of the case - that J.J. knew the details of her apartment because he had unlawfully entered it in the past.[8]

We first review the interaction of Rule 404(a), 404(b) and 405(b)(2). Rule 404 discusses two types of character evidence. Rule 404(a) covers general character evidence. For example, the propensity for violence is a general character trait. Rule 405 provides that an individual's general character can be proven in two ways, by reputation or by specific acts. Under Rule 405(b)(2), general character evidence regarding a witness in a criminal case, proven by a specific act, is only admissible under Rule 404(a)(2)(B). On the other hand, Rule 404(b) discusses prior bad acts evidence. Such evidence is admissible if the requirements of Rule 404(b) are satisfied. Thus, in order to gain admission of specific bad acts such as

---

[8] Specifically, the Commonwealth offered evidence in support of Appellant's conviction that J.J. knew about the contents and layout of Appellant's apartment because Appellant invited him into her apartment to engage in sexual acts. Appellant wanted to cross examine J.J. about the details of his burglary convictions as support for her position that J.J. knew about the details of her apartment since he "may have entered the premises uninvited at a time when [Appellant] was not present and without her knowledge." Appellant's Brief at 7.

- 12 -

J.J.'s prior burglary convictions, Appellant needed to satisfy the requirements of either Rule 404(a)(2)(B) or Rule 404(b).

J.J.'s prior burglary convictions were not admissible under Rule 404(b) as the convictions were being offered "to show that, on a particular occasion, [J.J.] acted in accordance with [his] character." Pa.R.Evid. 404(b)(1).[9] Specifically, Appellant was attempting to prove that on a particular occasion J.J. acted in conformance with his character by unlawfully entering Appellant's apartment and learning the layout of the apartment and her personal possessions.

J.J.'s burglary convictions were also inadmissible under Rule 404(a)(2)(B). As noted above, in order to be admissible under Rule 404(a)(2)(B), the character trait must be "pertinent." As this Court has explained, "a 'pertinent' character trait for purposes of [Rule] 404(a)(2)[(B)] is limited to a character trait of the victim that is relevant to the crime or defense at issue in the case." *Commonwealth v. Minich*, 4 A.3d 1063, 1072 (Pa. Super. 2010). In this case, Appellant argues that the pertinent character trait was that J.J. is "stealth." Appellant's Brief at 17.

Stealth is clearly not related to the crimes at issue in the case. Whether or not J.J. was stealthy is of no moment in determining whether

---

[9] Appellant argues at some length that Rule 404(b) applies only to defendants or accused individuals. This reading is contrary to the plain language or Rule 404(b). Furthermore, our Supreme Court recently held that Rule 404(b) applies to the Commonwealth's witnesses in a criminal case. *Commonwealth v. Patterson*, 91 A.3d 55, 68–70 (Pa. 2014).

Appellant and J.J. had sexual relations. It is also not relevant to Appellant's defense that she and J.J. never had sexual relations. As used in *Minich*, the word defense refers to defenses such as sexual intercourse being voluntary in a rape case or self-defense in a murder case. It does not refer to creative theories developed by intelligent defense counsel. Therefore, J.J.'s prior burglary convictions were not admissible under Rule 404(a)(2)(B).

Furthermore, the details of J.J.'s burglary convictions were inadmissible under Pennsylvania Rule of Evidence 403, which provides that "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of . . . unfair prejudice[.]" Pa.R.Evid. 403. Appellant was attempting to prove that J.J. was stealthy and that he acted in conformity with this character trait to infiltrate her residence to learn both its layout and the nature of her personal possessions. J.J.'s aptitude for stealth was established, however, when Appellant brought out the mere fact of his burglary convictions. Any burglary conviction has an element of stealth. *See* 18 Pa.C.S.A. § 3502(a). The details pertaining to J.J.'s burglary convictions were largely immaterial to J.J.'s character trait of being stealthy. Thus, the probative value of where the burglaries occurred was very low.[10] On the other hand, the risk of unfair prejudice, *i.e.*, diverting the jury's

---

[10] It is for this reason that, even if the trial court did err by limiting Appellant's cross-examination of J.J., such error was harmless.

attention from the issues in the case, was high.  Accordingly, the trial court did not abuse its discretion by sustaining the Commonwealth's objection.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015