J-A32044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAVID SOLAN AND SLM COMMERCIAL, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| SILVERMAN FAMILY PARTNERSHIPS, INC., HERMAN SILVERMAN AND ANN SILVERMAN, BUCKINGHAM GREEN I GENERAL PARTNERSHIP, BUCKINGHAM GREEN II GENERAL PARTNERSHIP, COLD SPRINGS GENERAL PARTNERSHIP, GREEN ACRES GENERAL PARTNERSHIP, PLAZA ONE GENERAL PARTNERSHIP, SOUTH MAIN STREET GENERAL PARTNERSHIP, JEFFRA NANDAN, LEDA MOLLY, JENNY SILVERMAN AND BINNY SILVERMAN, | |
| Appellees | No. 1379 EDA 2016 |

Appeal from the Order Entered April 19, 2016
in the Court of Common Pleas of Bucks County
Civil Division at No.: 2007-05125-30-7

BEFORE:  DUBOW, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:  **FILED FEBRUARY 24, 2017**

Appellants, David Solan and SLM Commercial Inc., a corporation

owned and controlled by him,[1] appeal from the order and bench trial verdict

---

[*] Retired Senior Judge assigned to the Superior Court.

which awarded them $46,157.09 as leasing commissions due from Appellees. Appellants first asserted they were due over a million dollars under an oral agreement. They eventually reduced this claim, in steps, to about $333,000. They now challenge the sufficiency of the evidence for the trial court's reduced damages award, noting that they had already made intermediate reductions in their demands. We affirm.

The underlying facts are substantially undisputed, even though the parties disagree on the amounts owed. From 1995 until 2004, Appellant Solan was employed as the general manager of numerous real estate properties owned or controlled by Herman Silverman for himself, his family, and related entities. As an employee, Solan received a full salary for the performance of these services. (**See** Appellants' Brief, at 5). Notably for this appeal, Mr. Solan had a separate oral agreement with Mr. Silverman, to receive a 3% commission for any leases, options, or renewals of Silverman properties which he originated on his own, independently from his employment duties. In late 2004, Mr. Silverman informed Mr. Solan that his employment was coming to an end, and his duties would be transferred to a management company. As the employment relationship was unwinding, Mr.

_(Footnote Continued)_ ———————

[1] Appellants maintain in their brief that "[f]or all intents and purposes, David Solan and his company were one and the same, at least insofar as the services provided[.]" (Appellants' Brief, at 35).

Solan claimed additional commissions for these leases. Appellees rejected most of them.

This lawsuit stems from Appellants' claim for unpaid commissions under the oral contract. Mr. Solan admits on appeal that he presented virtually no rent rolls or similar documentation to support the extent of his claim for commissions under the oral contract. (***See id.*** at 10). He maintains that such leasing information "was exclusively in the possession of the Appellees[.]" (***Id.***; ***see also id.*** at 22). Instead, he argues that he met his burden of proof by presenting "multiple representative examples of leases," and inviting Appellees to "refute this proof." (***Id.*** at 11). Appellants first claimed damages of $1,140,864.67, reduced (in stages) to $333,648.54. Appellants argue the original claim for over a million dollars was only a "ballpark estimate[.]" (***Id.*** at 27.). After a bench trial, the trial court awarded damages of $46,157.09, the amount conceded by Appellees.

This timely appeal followed the trial court's denial of Appellants' post-trial motions, and the entry of the limited verdict.[2]

Appellants present three questions for our review:

> 1. Whether the [trial] court committed an error of law and/or capriciously disbelieved and/or disregarded the evidence in finding that Appellants did not produce sufficient evidence to prove damages when Appellants in fact produced sufficient evidence to prove damages with reasonable certainty?

---

[2] Appellants presented a timely statement of errors on May 12, 2016. The trial court entered an opinion on July 5, 2016. ***See*** Pa.R.A.P. 1925.

2. Whether the [trial] court committed an error of law in finding that Appellants were not entitled to prejudgment interest when Appellants produced sufficient evidence to prove damages in the form [of] prejudgment interest and only recalculated that prejudgment interest in response to directives from the court during trial and where that evidence was unrebutted?

3. Whether the [trial] court committed an error of law in finding that Appellees did not violate the Pennsylvania Uniform Fraudulent Transfer Act, a statue [sic] which permits the court to award attorney's fees, when Appellants produced sufficient evidence to prove that Appellees fraudulently transferred assets?

(Appellants' Brief, at 4) (unnecessary capitalization omitted).

Our review in a non-jury case such as this is

limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

*Hart v. Arnold*, 884 A.2d 316, 330–331 (Pa. Super. 2005), *appeal denied*, 587 Pa. 695, 897 A.2d 458 (2006) (citations omitted). "The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence." *Id.* (citations omitted). "Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to fact by the lower court." *Tagliati v. Nationwide Insurance Co.,* 720 A.2d 1051, 1053 (Pa. Super. 1998), *appeal denied,* 559 Pa. 706, 740 A.2d 234 (1999).

"With regard to such matters, our scope of review is plenary as it is with any review of questions of law." *Id.*

We also must decide whether the trial court properly denied Appellant's post-trial motions. "Our standard of review [of an order] denying a motion for a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion." *Angelo v. Diamontoni*, 871 A.2d 1276, 1279 (Pa. Super. 2005), *appeal denied*, 585 Pa. 694, 889 A.2d 87 (2005) (citation omitted).

*Christian v. Yanoviak*, 945 A.2d 220, 224–25 (Pa. Super. 2008).

Here, all three of Appellants' claims challenge the sufficiency of the evidence. "When reviewing the sufficiency of the evidence . . . this Court must determine whether the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the verdict winner, was sufficient to enable the factfinder to find against the losing party." *Zeffiro v. Gillen*, 788 A.2d 1009, 1013 (Pa. Super. 2001) (citation omitted).

Appellants' claim for damages is based on an oral agreement. (*See* Appellants' Brief, at 5, 10).

It [is] incumbent upon [a] plaintiff to establish the oral contract upon which he based his claim by *prima facie* proof. The burden is upon one suing for damages for a breach of contract to establish a clear case of something agreed to. The existence of the contract must be established by evidence which is substantial; a mere scintilla is not enough. A verdict cannot rest upon guess or conjecture.

*Rader v. Palletz*, 51 A.2d 344, 346 (Pa. Super. 1947) (citations omitted).

In this appeal, on independent review, viewed in the light most favorable to the Appellees as verdict winners, we conclude that the evidence

- 5 -

together with all reasonable inferences, was sufficient to enable the judge sitting as factfinder to render its verdict.

Appellants by their own admission lacked evidentiary support for their additional claims (other than records purportedly possessed by Appellees) for commissions beyond those actually awarded. (*See* Appellants' Brief, at 10). Claims without substantiation do not satisfy the burden of proof. It was the province of the trial court sitting as factfinder to weigh the evidence presented and assess the credibility of the witnesses. *See Christian*, *supra* at 224–25. A verdict cannot rest on guess or conjecture. *See Rader*, *supra* at 346. Appellants' sufficiency claims do not merit relief.

Finally, although not properly preserved as an appellate issue, we acknowledge that counsel for Appellants has asserted a claim of judicial bias.[3] However, mere bald accusations of judicial bias are insufficient to merit relief.

> It is beyond dispute that a party to an action has the right to request the recusal of a jurist where that party has a reason to question the impartiality of the jurist in the cause before the court. However, a mere recitation of unfavorable rulings against

---

[3] Counsel wrote:

> Mr. Solan did not receive a fair trial. In my 34 years of practice I have never witnessed such a blatant miscarriage of justice. I have never used such strong language in any brief in any case on any prior occasion but in this case, I believe it is necessary and appropriate to do so.

(Appellants' Brief, at 42).

an attorney does not satisfy the burden of proving judicial bias, prejudice or unfairness. Moreover, a party seeking recusal or disqualification must raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred. *Goodheart v. Casey*, [523 Pa. 188, 199; 565 A.2d 757, 763 (Pa. 1989)]. *Accord Rizzo v. Haines*, 520 Pa. 484, 511, 555 A.2d 58, 71 (1989) (party who seeks recusal of a judge must present sufficient information in a timely fashion). Our [S]upreme [C]ourt has enunciated the rule concerning the substance of a recusal motion as follows:

> When circumstances arise during the course of a trial raising questions of a trial judge's bias or impartiality, it is still the duty of the party, who asserts that a judge should be disqualified, to allege by petition the bias, prejudice or unfairness necessitating recusal. A failure to produce a sufficient plea will result in a denial of the recusal motion.

> \* \* \*

> The proper practice on a plea of prejudice is to address an application by petition to the judge before whom the proceedings are being tried. He may determine the question in the first instance, and ordinarily his disposition of it will not be disturbed unless there is an abuse of discretion.

*Reilly by Reilly v. SEPTA*, 507 Pa. 204, 220, 489 A.2d 1291, 1299 (1985) (citations omitted). A party seeking recusal must assert specific grounds in support of the recusal motion before the trial judge has issued a ruling on the substantive matter before him or her. *See id.*, 507 Pa. at 222, 489 A.2d at 1300 (party is deemed to have waived his right to have a judge disqualified once trial is completed with the entry of a verdict). A party may not raise the issue of judicial prejudice or bias for the first time in post-trial proceedings. *Id.* at 222–23, 489 A.2d at 1300.

*Ware v. U.S. Fid. & Guar. Co.*, 577 A.2d 902, 904–05 (Pa. Super. 1990)

(some citations and internal quotation marks omitted; some citation

formatting provided).

Here, counsel for Appellants not only did not file a contemporaneous motion to recuse at trial, he declined to do so until after trial. (**See** Plaintiffs' Motion for Post[-]trial Relief, 12/28/15, at unnumbered page 7 ¶ 35). On appeal, he argued against the procedure both in his brief and at oral argument, labeling it "tactical suicide." (Appellants' Brief, at 12, 41). Counsel concedes that the trial court offered him the opportunity to move for recusal, and he declined for perceived strategic considerations. (**See id.** at 41). The claim of judicial bias was not properly preserved. Accordingly, it is waived. A claim of judicial prejudice or bias may not be raised for the first time in post-trial proceedings. **See Ware**, **supra** at 904-05; **see also Goodheart v. Casey**, **supra** at 763 ("Where the asserted impediment is known to the party, and that party fails to promptly direct the attention of the jurist to that fact, the objection is waived and the party may not subsequently offer the objection as a basis for invalidating the judgment.").

None of Appellants' claims merit relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2017

- 8 -