J-A06004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ILYA SIVCHUK AND VIV ASSOCIATION, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SOVEREIGN BANK, D/B/A SANTANDER BANK AND NEVADA FIRST FEDERAL, LLC AND FIRST COMMERCE, LLC | |
| APPEAL OF: ILYA SIVICHUK | No. 3417 EDA 2018 |

Appeal from the Judgment Entered January 9, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 151200887

| | |
|---|---|
| ILYA SIVCHUK AND VIV ASSOCIATION, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SOVEREIGN BANK D/B/A SANTANDER BANK, AND NEVADA FIRST FEDERAL, LLC, AND FIRST COMMERCE, LLC. | |
| APPEAL OF: NEVADA FIRST FEDERAL, LLC AND FIRST COMMERCE, LLC | No. 3697 EDA 2018 |

Appeal from the Judgment Entered January 9, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 151200887

BEFORE:  STABILE, J., KING, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                    Filed: July 23,2020

_____

* Former Justice specially assigned to the Superior Court.

In this action involving promissory notes, the parties have filed appeals from the judgment entered on January 9, 2019, making final the October 17, 2018 and November 14, 2018 orders entered in the Court of Common Pleas of Philadelphia County.[1]  By order entered February 4, 2019, we consolidated the parties' appeals as cross-appeals.

The October 17, 2018 order denied relief to *pro se* Appellants/Cross-Appellees Ilya Sivchuk and VIV Association, LLC ("Sivchuk" and "VIV," and collectively "Appellants") and awarded $8,000 in attorneys' fees to Appellees/Cross-Appellants Nevada First Federal, LLC ("NFF") and its loan servicer, First Commerce, LLC ("First Commerce," and collectively "Appellees").[2]  The November 14, 2018 order modified the award of attorneys' fees to $16,000.  Following careful consideration, we affirm the judgment with respect to Appellants' claims (October 17, 2018 order), we vacate the judgment with respect to the November 14, 2018 order, and we remand for a determination of reasonable attorneys' fees.

---

[1] Although this appeal is from the judgment entered on January 9, 2019, for the sake of clarity, we shall refer to the separate orders by the dates of those respective orders.  The October 17, 2018 order was issued at Docket No. 3417 EDA 2018.  The November 14, 2018 order was issued at Docket No. 3697 EDA 2018.  Although the appeals were filed prior to entry of the judgment, "where, as here, judgment is subsequently entered, the appeal is 'treated as filed after such entry and on the date thereof.'"  **K.H. v. J.R.**, 826 A.2d 863, 872 (Pa. 2003) (quoting Pa.R.A.P. 905(a)(5)).

[2] The caption also identifies Sovereign Bank, d/b/a Santander Bank, as an Appellee/Cross-Appellant.  Sovereign Bank assigned the rights in the loan documents to NFF on September 23, 2011.

The trial court summarized the factual and procedural background of these cross-appeals in its opinions issued July 29, 2019 (No. 3697 EDA 2018) and August 21, 2019 (No. 3417 EDA 2018). As explained in those opinions, and as the record reflects, VIV secured three promissory notes from Sovereign Bank between 2007 and 2010 for commercial improvements on VIV's properties. The notes were guaranteed by Sivchuk and collectively totaled more than $1,500,000 in the form of a variable rate construction loan note, a variable interest term note, and a line of credit note. The agreements with respect to each note contained cross default clauses and included provisions permitting the lender to recover reasonable attorneys' fees in connection with, *inter alia*, enforcement of the agreements. The notes were extended several times.

Appellants defaulted on the term loan when it matured in March 2011, triggering the cross default clauses on the construction loan and the line of credit. The notes, with an aggregate principal sum approaching $2,000,000 at that time, were modified and extended by a forbearance and modification agreement in June 2011. On September 13, 2011, Sovereign Bank offered to extend the forbearance. On September 23, 2011, before Appellants accepted the extended forbearance, Sovereign Bank sold and transferred the notes and loan documents to NFF.

In light of Appellants' failure to make required payments from June through October 2011, NFF, through First Commerce, applied the default

interest rate to the notes pursuant to the terms of the forbearance. After failed attempts to negotiate a discounted payoff of the notes, Appellants paid the notes in full on December 15, 2011, and the mortgages were released.

On December 15, 2015, Appellants filed a writ of summons, followed by the filing of a complaint on April 27, 2016, in which they alleged breach of contract and resulting damages against NFF and First Commerce. NFF and First Commerce filed preliminary objections. In July 2016, after the trial court sustained some of the objections, NFF and First Commerce filed an answer and new matter to the remaining claims. Appellants filed their reply to new matter in August 2016. From February 1, 2017 until October 25, 2017, the case was on deferred status due to Appellants' counsel being indicted on criminal charges. The case eventually proceeded to a bench trial on June 12 and 13, 2018.

On October 17, 2018, the trial court entered a verdict in favor of NFF and First Commerce, and awarded them $8,000 in attorney fees. Appellants filed a *pro se* appeal to this Court on the same day at No. 3417 EDA 2018. NFF and First Commerce filed a motion for post-trial relief on Monday, October 29, 2018, asking the court to modify the verdict and grant reasonable attorney fees. The trial court granted the motion on November 14, 2018, and increased the award of attorney fees to $16,000. On December 11, 2018, NFF and First Commerce filed an appeal at No. 3697 EDA 2018.

- 4 -

In the meantime, on November 16, 2018, after the court entered the order modifying attorney fees, Appellants filed a motion for post-trial relief seeking modification of the verdict as well as reconsideration. On December 17, 2018, the trial court denied that motion because it was untimely and lacked merit. On July 2, 2019, the trial court directed Appellants to file a Rule 1925(b) statement of errors complained of on appeal. In response, Appellants filed a *pro se* 16-page document, including six pages under the heading "**IV. ERRORS**," which the trial court adeptly condensed into the following six issues:

1. Did the court err by awarding attorneys' fees in this case?

2. Did the court err by entering judgment against [Appellants] based on any indemnification clause?

3. Did the court err in dismissing [Appellants'] claim for a recalculation of the payments made to Lender, specifically regarding check #149, not offered in evidence?

4. Did the court err by entering judgment against [Appellants] based on [their] voluntary payment of the loan?

5. Did the court err by entering judgment against [Appellants and VIV] based on the statute of limitations?

6. Did the court err in dismissing [Appellants'] claim that the loans bore interest at 8.5%?

Trial Court Rule 1925(a) Opinion, 8/21/19, at 8 (some capitalization omitted).

As our Supreme Court stated in **McShea v. City of Philadelphia**, 995 A.2d 334 (Pa. 2010):

> When this Court entertains an appeal originating from a non-jury trial, we are bound by the trial court's findings of fact, unless those findings are not based on competent evidence. The trial court's conclusions of law, however, are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts.

**Id.** at 338 (quoting **Triffin v. Dillabough**, 716 A.2d 605, 607 (Pa. 1998) (citations omitted)).

We note, as did the trial court, that issues not raised at trial are waived for appellate purposes. **Id.** at 8 (citing Pa.R.A.P. 302(a)). Further, to preserve an issue for appeal after a bench trial, the issue must be raised in a timely post-trial motion. **Id.** at 8-9 (citing, *inter alia*, Pa.R.C.P. 227.1).

> Pennsylvania Rule of Civil Procedure 227.1 provides, in relevant part that, "[p]ost-trial motions shall be filed within ten days after . . . the filing of the decision in the case of a trial without jury." Pa. R.C.P. 227.1(c)(2). Failure to raise an issue in a post-trial motion waives appellate review of the claim.

**Bensinger v. University of Pittsburgh Medical Center**, 98 A.2d 672, 682 (Pa. Super. 2014) (citation omitted). Here, Appellants did not file a timely post-sentence motion upon issuance of the trial court's October 17, 2018 order announcing its verdict in favor of NFF and First Commerce. Therefore, they have not preserved any issues on appeal to this Court.

The trial court acknowledged that Appellants did file a motion on November 16, 2018. However, it was untimely with respect to the October 17, 2018 order. Although not required to do so, the trial court agreed to

consider the first and third issues listed above,[3] recognizing Sivchuk filed the untimely post-sentence motion *pro se*, and raised the issue of attorneys' fees in the "motion for reconsideration" he filed *pro se* within 20 days of issuance of the trial court's November 14, 2018 order modifying the award of attorneys' fees.

In its Rule 1925(a) opinion, the trial court addressed Appellants' claim of error for awarding attorney fees. In essence, Appellants assert they were not in default and the contractual right to attorney fees was not triggered because a check dated July 15, 2011 was not credited to their account. As the trial court determined, this issue is without merit. Even if the payment had been credited, the fact remains that Appellants did not make any payments from that day until September 1, 2011 under the forbearance agreement or between September 1 and December 11, 2011 under the extension agreement. Therefore, even if not untimely raised and waived as a result, Appellants were not entitled to relief with respect to an award of attorneys' fees, which were clearly authorized in the event of default.[4]

---

[3] The court commented, "At best, it can be argued [Appellants] preserved claimed errors 1 and 3 in their untimely Motion for Post-Trial Relief." Trial Court Rule 1925(a) Opinion, 8/21/19.

[4] Moreover, as the trial court observed, even if Appellants' motion were timely filed with regard to the court's November 14, 2018 order, that order did not contain any "reference, request, or argument pertaining to attorneys' fees." Trial Court Rule 1925(a) Opinion, 8/21/19, at 10.

We find the trial court's findings of facts are supported by the record and that the court correctly applied the law to those facts. Having concluded Appellants' issues are waived and lack merit even if not waived, we turn to the issue raised by NFF and First Commerce in their cross-appeal.

In their brief, NFF and First Commerce present six issues, four of which relate to Appellants' claims, which we disposed of above, including whether the court erred in awarding attorneys' fees. The remaining two issues question the amount of attorney fees awarded. Specifically, NFF and First Commerce contend the trial court abused its discretion in arbitrarily awarding $16,000 in attorney fees and committed error by not performing any reasonableness analysis before entering the $16,000 award. Appellees' Brief at 7.

As explained above, the trial court originally awarded $8,000 in attorney fees. In response to Appellees' post-trial motion, the court increased the award to $16,000. The court explained:

> After a review of the record of this case, the court concluded that it was not appropriate for [Appellants] to incur the entirety of [NFF and First Commerce's] extensive legal fees in addition to their own. While there were numerous delays in the litigation process, these were largely due to circumstances outside [Appellants'] control. Moreover, [Appellants] claims were colorable and made in good faith. Considering the narrow issues presented and the nature of [Appellants'] claims, the court found it reasonable to grant [NFF and First Commerce] $16,000 in attorneys' fees.

Trial Court Opinion, 7/29/19, at 5 (citation and some capitalization omitted).[5]

In the statement of the case as cross-appellants, NFF and First Commerce provide the factual and procedural background of the case and include information outlining the attorney fees incurred as the litigation proceeded. Fees incurred prior to trial totaled $31,844. Fees for trial preparation, the two-day June 2018 trial itself, and post-trial proceedings increased that total to $69,169 despite "negotiating a favorable rate of $275 per hour and later $250 per hour for their experienced lead attorney and by not paying for any of their attorneys' travel time." Appellees' Brief at 14.

In its post-trial motion, NFF and First Commerce filed "a detailed application . . . for attorneys' fees, containing a narrative of when and why attorneys' fees were incurred and supported by detailed invoices." *Id.* at 15. In response, the trial court entered an order granting the motion and modifying the award to $16,000. In doing so, the court "still curtailed Appellees' fees by 77% and did so without explanation or analysis of the reasonableness of Appellees' fees or the basis for entering an award in the amount of $16,000." *Id.* at 16.

---

[5] In its August 21, 2019 opinion, the trial court reiterated its determinations that Appellants' Motion for Post-Trial Relief was untimely and that their assertions regarding the award of attorneys' fees were without merit. Trial Court Rule 1925(a) Opinion, 8/21/19, at 9-10. However, the court did not discuss the reasonableness of the attorneys' fees award in that opinion.

As NFF and First Commerce explain, Appellants "contractually promised to reimburse NFF for all legal fees incurred to enforce or protect its rights." *Id.* at 17. Despite prevailing on all claims and its contractual entitlement to all reasonable legal fees, NFF and First Commerce were awarded less than one-quarter of their documented fees. They argue the trial court committed reversible error in doing so without any analysis of the reasonableness of the fees.

In **Sutch v. Roxborough Memorial Hosp.**, 142 A.3d 38 (Pa. Super. 2016), this Court considered the reasonableness of attorney fees, albeit in the context of 42 Pa.C.S.A. § 2503 (7) (providing for attorney fees as a sanction of dilatory, obdurate or vexatious conduct) rather than in the context of contractual language specifically providing for reasonable attorney fees. The Court noted:

> This Court has previously evaluated the reasonableness of attorneys' fees by examining the following factors:
>
> > [T]he amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question.
>
> **Holz v. Holz**, 850 A.2d 751, 761 (Pa. Super. 2004), *appeal denied,* 582 Pa. 700, 871 A.2d 192 (2005) (quoting **Gilmore by Gilmore v. Dondero**, 399 Pa. Super. 599, 582 A.2d 1106, 1109 (1990)). "[I]n exercising its discretion, [the trial court] must

- 10 -

> evaluate the reasonableness of time spent by counsel in relation to the particular case." ***Danks v. Government Employees Ins. Co.***, 307 Pa. Super. 421, 453 A.2d 655, 656 (1982).
>
> Although the responsibility for setting counsel fees lies primarily with the trial court, this Court has the power to reverse that exercise when there is plain error. ***Gilmore, supra*** at 1108. "Plain error is found where the award is based either on factual findings for which there is no evidentiary support or on legal factors other than those that are relevant to such an award." ***Id.***

***Id.*** at 70 (alterations in original).

Here, the trial court initially awarded $8,000 in fees without any explanation. The court then doubled that seemingly arbitrary award, offering a vague basis for doing so, *i.e.*, that Appellant's should not have to incur the entirety of Appellees' "extensive legal fees in addition to their own," Trial Court Opinion, 7/29/19, at 10, despite contractual language that bound Appellants to pay reasonable fees in the event of default. The court also offered its finding that delays in the litigation were largely due to circumstances beyond Appellants' control, that the issues were narrow, and that Appellants' claims were made in good faith. ***Id.*** However, the court did not provide any insight into its computations. As in ***Holz***, we are "unable to discern from the court's opinion exactly what factors it found relevant and on what basis it awarded the counsel fees." ***Holz***, 850 A.2d at 761. Without a sufficient record or analysis regarding the award, we conclude the award of $16,000 "is based [] on factual findings for which there is no evidentiary support." ***Gilmore by Gilmore***, 582 A.2d at 1108. Therefore, we are compelled to vacate the

- 11 -

attorney fees' award and remand for the court to reconsider the amount of attorneys' fees to be awarded.

Judgment affirmed in part and vacated in part. Case remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/20